# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 4, 2022

Lyle W. Cayce
Clerk

No. 21-30347

Allen Taylor,

*Plaintiff—Appellant*,

*versus*

B & J Martin, Incorporated; Rooster Oil & Gas, L.L.C.;
Corey T. Gardiner; Lege's Consulting Services, L.L.C.;
Starstone Underwriting Limited, On behalf of Lloyd's
Syndicate 1301, Incorrectly named as Lloyd's Syndicate
1301 a/k/a Torus Insurance (UK) Limited; Houston
Casualty Company,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-cv-8941

---

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30347

Allen Taylor appeals the district court's judgment denying his claim for injuries he sustained in a slip and fall incident while on the vessel, DUSTY DAWN. He argues that the district court, after a bench trial, erred in concluding that B&J Martin did not negligently cause his injuries, that the DUSTY DAWN was seaworthy, and that he was not entitled to additional cure and maintenance. After reviewing the record and the parties' briefs, we AFFIRM on the basis of the district court's findings of fact and conclusions of law.

I.

Defendant B&J Martin contracted with defendants Rooster Oil & Gas and Rooster Oil & Petroleum (collectively, "Rooster") to "perform site clearance trawling" in the Gulf of Mexico. B&J Martin employed Taylor as a captain on the DUSTY DAWN to complete this clearance work. Rooster hired defendant Lege Consulting Services, LLC, to observe this work, and Lege sent Corey Gardiner as its representative.

On October 14, 2015, Taylor woke up around 5 a.m. and got dressed. Particularly relevant, he put on a pair of Crocs, which did not meet B&J Martin's Safety Manual requirements for proper footwear. Around 5:35 a.m., Taylor, wearing the Crocs, stepped out of his living quarters and onto the exterior platform. In doing so, he stepped on a cigarette lighter (later determined to belong to Gardiner), slipped backward, and fell.

Taylor suffered injuries from the fall, and on September 26, 2018, Taylor filed suit to recover for these injuries. He claimed that the defendants had been negligent under the Jones Act, had provided an unseaworthy vessel, and that he was entitled to cure and maintenance. In a second amended complaint, Taylor added the defendants' insurers as defendants themselves.

The district court held a two-day bench trial on April 19-20, 2021. At the conclusion of the trial and after the parties submitted post-trial briefs, on

2

May 24, 2021, the court made its findings of fact and conclusions of law. Based on these conclusions, it entered a judgment dismissing Taylor's complaint. Taylor appealed.

## II.

First, we turn to the negligence issue. The Jones Act creates a cause of action for negligence if an employer knows or should have known of an unreasonably dangerous condition. *Atl. Sounding Co. v. Townsend*, 557 U.S. 404, 415 (2009); *Luwisch v. Am. Marine Corp.*, 956 F.3d 320, 327-328 (5th Cir. 2020). Following a bench trial, we review the district court's factual determinations for clear error and will affirm if "the district court's finding[s are] plausible in [the] light of the record viewed as a whole . . . ." *Bertucci Contr. Corp. v. M/V Antwerpen*, 465 F.3d 254, 258 (5th Cir. 2006).

There was no clear error here. After finding Taylor's testimony inconsistent and the defendants' witnesses and evidence more credible, the district court plausibly concluded that Taylor "violated the company's safety rule regarding proper footwear" and that his "fall and resulting injuries were caused solely by [his] failure to use proper slip resistant shoes . . . ."

Second, Taylor challenges the district court's determination that the DUSTY DAWN was seaworthy. To establish an unseaworthy claim of the vessel, the owner must have "failed to provide a vessel, including her equipment and crew, which is reasonably fit and safe for the purposes for which it is to be used." *Boudreaux v. United States*, 280 F.3d 461, 468 (5th Cir. 2002). The determination of seaworthiness is an issue of fact reviewed for clear error. *Folger Coffee Co. v. M/V Olivebank*, 201 F.3d 632, 636 (5th Cir. 2000). And again, the district court did not commit clear error. In fact, the evidence shows DUSTY DAWN's non-skid coating was "probably the best" that the defendants' expert had ever seen.

No. 21-30347

Third, Taylor argues that the denial of an additional $3,665 maintenance and cure was error. "Maintenance and cure is an obligation imposed upon a shipowner to provide for a seaman who becomes ill or injured during his service to the ship" and is "not affected by the injured seaman's own negligence." *Boudreaux*, 280 F.3d at 468. Whether defendants owe Taylor the $3,665 claimed is a question of fact reviewed for clear error, *Jauch v. Nautical Servs.*, 470 F.3d 207, 212 (5th Cir. 2006); and the district court did not err. The only evidence Taylor submitted of the claim was a typed dollar amount, a health insurance claim form, and a billing summary. Other evidence, such as a medical record of a paid invoice, shows defendants had paid maintenance and cure in full. Thus, it is certainly plausible for the district court to have concluded defendants did not owe Taylor the additional $3,665.

## III.

In sum, the district court plausibly concluded that (1) B&J Martin was not negligent in maintaining the DUSTY DAWN and Taylor himself was 100% responsible for his own injuries, (2) the DUSTY DAWN was seaworthy, and (3) Taylor was not entitled to recover an additional $3,665 in maintenance and cure. Accordingly, the judgment of the district court is, in all respects,

AFFIRMED.